STATE EX REL. O'NEIL, Petitioner, vs. BLIED and others (constituting the Annuity Board of the State Retirement System), Respondents.

*November 21—December 8, 1925.*

*Schools: Teachers' state retirement law: Employment with state resting on contract: Public officers: Relation of teacher and state: Impairment of contract by subsequent legislation: Validity.*

1. One engaged in teaching in this state and whose services are to be paid for in whole or in part by the state school fund is not a public officer, and his valid contracts of employment as a teacher cannot lawfully be destroyed or impaired by subsequent legislation, such contracts being within the protection of sec. 12, art. I, Const. Wis., and sec. 10, art. I, Const. U. S., prohibiting any state from passing such a law.   p. 446.

2. A teacher stands in a contract relation as distinguished from the tenure or holding of a public officer, who holds his office at the will of the sovereign power.   p. 446.

3. There being a contractual relationship between the state and
   such teacher, the rights accruing to him, and on his death
   to his beneficiary, under sec. 42.50 and sub. (3), sec. 42.51,
   Stats., giving additional benefits to a teacher who had taught
   at least twenty-five years, and a right to a death benefit to his
   beneficiary, are of such a nature that it was beyond the power
   of the legislature to modify or take them away without the
   consent of the teacher; and hence ch. 416 of the Laws of
   1923, repealing certain provisions as to additional benefits, is
   ineffective as to teachers then within or under such prior law.
   p. 447.

ORIGINAL APPLICATION to this court for a writ of *man-damus*. *Writ granted.*

For the petitioner there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *George E. Williams.*

For the respondents there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

ESCHWEILER, J.   The relatrix is the widow and designated beneficiary of one Albert E. O'Neil, who died while in service as principal of the Oshkosh high school on March 17, 1925, at the age of sixty years and after thirty years of teaching in Wisconsin schools.

By ch. 459 of the Laws of 1921, creating secs. 42.20 to 42.54, Stats., there was enacted the Teachers' State Retirement Law.   Mr. O'Neil came within the designated class "A" of said law, namely, one who at the time of the enactment of the law was a member of and entitled to the benefit from the prior created teachers' insurance retirement fund.

The respondent board, having charge of the computing and certifying of the amounts to be paid out under the law, certified the sum of $2,047.76 as all that was due the relatrix, and that amount was paid.

The relatrix here asserts a demand that the board allow and certify a further sum of about $6,000 as still due under the law as a death benefit on account of accumulations for

prior service by Mr. O'Neil, and which, if allowed, is to be paid out of the portion of the fund made up of public funds received from the proceeds of the income surtax and other sources as distinguished from the contributions by the teachers; it being out of the latter sources that the payment above mentioned was computed and paid.

The benefit to be paid on the death of a teacher to the designated beneficiary such as is the relatrix here was provided for in sec. 42.50, Stats., and would be, under the original law, the full amount of the accumulation in the provision of the law next herein quoted.

The particular provision over which the present dispute arises is, so far as material here, as follows:

42.51 (3)  "When any member of class A . . . who has taught at least twenty-five years in the public schools . . . shall become entitled to any benefit derived from the accumulation of state deposits, the benefit shall be increased by the benefit which would be granted at the rates then in force on an accumulation equivalent to the amount of the computation above defined, and such additional benefit shall be paid from the contingent fund."   Stats. 1921.

The respondents contend that they are prohibited from now recognizing such demand of relatrix by reason of an amendment made by ch. 416 of the Laws of 1923, which added at the end of the last above quoted statute the following language: "This section shall not authorize or include any increase in or addition to the death benefit provided in section 42.50."

It is argued on behalf of the *Annuity Board* that the death benefit here involved, payable as it is out of state funds as distinguished from contributions or accretions thereto made by Mr. O'Neil, being originally a matter of legislative grant, can be taken away by subsequent legislative repeal or modification of the law.

Prior to the amendment of 1923 this court passed upon provisions of this statute under a situation similar to the

one here involved. In *Dudgeon v. Levitan,* 181 Wis. 326, 193 N. W. 499, it was there among other things, and with reference to said sub. (3), sec. 42.51, *supra,* held: that considering the act, notwithstanding the absence of any express language to such effect, such section was intended "to vest existing teachers with the same title to the accumulations for their past services, under sec. 42.51, that it accorded future entrants to the state's contributions by sec. 42.50, and that the same benefits inure to the estate of a deceased member in both instances." Page 338. It was also held (p. 343) that the annuity based on past service is not intended to be or operate as compensation for such service; that it is in the nature of an inducement for such teacher to remain in the service and give to the public and our educational institutions the benefit of his experience. The decision also referred (p. 344) to the provision of the law in sub. (1), sec. 42.42, that every contract of employment as a teacher made after the enactment of the law shall specify that it is subject to the provisions of the State Retirement Law, and held that this was such a provision that not only the state but any individual entering into contractual relations has a right to make.

In *State ex rel. Harbach v. Mayor, etc.,* decided herewith (189 Wis. 84, 206 N. W. 210), it is held that the entire field of education in this state is one of state affairs and regulations rather than one belonging to the local affairs or government of municipalities. Evidently, therefore, when the State by the law of 1921 expressly required (although undoubtedly the same effect would have been reached by its other provisions were such precise provision omitted) that the State on the one hand and the teachers complying with the law on the other should come under certain fixed contractual obligations, the State cannot now lawfully withdraw or be relieved from such obligations by subsequent legislation.

One engaged in teaching in this state and whose services are to be paid for in whole or in part by the state school fund is not a public officer and his valid contracts cannot lawfully be destroyed or impaired by subsequent legislation, because such contracts are within the protection of sec. 12, art. I, Wisconsin constitution, prohibiting the passage of any law impairing the obligation of contracts, as well as by sec. 10, art. I, of the constitution of the United States, prohibiting any state from passing any such law.

It has been held by this court from an early date that a teacher stands in a contract relation as distinguished from the tenure or holding of a public officer. So held in the State University as to a professor (*Butler v. Regents*, 32 Wis. 124); as to the principal of a high school in *South Milwaukee Board of Ed. v. State ex rel. Reed*, 100 Wis. 455, 462, 76 N. W. 351; and as to a district school teacher in *Clune v. School Dist.* 166 Wis. 452, 458, 166 N. W. 11.

In *Hall v. State*, 103 U. S. 5 (cited with approval in *Long Island W. S. Co. v. Brooklyn*, 166 U. S. 685, 690, 17 Sup. Ct. 718), it was held that a contract, pursuant to a legislative enactment, between the state and a commissioner to make a geological survey was protected under the federal constitution from impairment or destruction by later legislative action and that such a commissioner was not a public officer, thereby reversing *Hall v. State*, 39 Wis. 79, which held that such commissioner was a public officer and his office and right to salary could be abrogated by subsequent legislation.

The distinction between contract relationship and that of a public officer is pointed out in a case holding that an officer in the army or navy of the United States does not hold his office by contract but at the will of the sovereign power. *Crenshaw v. U. S.* 134 U. S. 99, 10 Sup. Ct. 431. This vital distinction, therefore, between the contract of a teacher and the position of a public officer renders the decision in

the case relied upon by respondents of *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954, entirely inapplicable. That case involved a claim of right by a widow to a pension fund created by the legislature for police officers. It expressly stated (p. 48) that there are no such contractual relations between a municipality and its officers that may come within the constitutional safeguards against legislative impairment.

It being clear, therefore, that we have here a contractual relationship between the state of Wisconsin and the deceased teacher, Albert E. O'Neil, the rights that accrued to him under the law as it was passed in 1921, and the provisions of which were complied with in all respects by him so as to then entitle him to benefit under its provisions, were of such a nature that it was beyond the rightful power of the legislature, by its amendment by ch. 416 of the Laws of 1923, *supra,* to take away or modify without the consent of the other party to the contract.

*Hall v. Wisconsin, supra,* is ample and controlling here if outside authority on the question of such contracts for service is necessary, and we need not, therefore, refer to the long line of decisions maintaining the same doctrine as to other forms of contract such as were passed upon in *Superior W., L. & P. Co. v. Superior,* 263 U. S. 125, 135, 44 Sup. Ct. 82.

A similar result to that reached here was arrived at in *Allen v. Board of Education,* 81 N. J. L. 135, 79 Atl. 101, and *Ball v. Trustees,* 71 N. J. L. 64, 58 Atl. 111. See, also, 24 Ruling Case Law, 621.

It follows that the repeal by ch. 416 of the Laws of 1923 of the provision in the law of 1921 creating the right to a death benefit such as is here involved and as was determined and upheld in the *Dudgeon Case, supra,* is in force only as to those coming within the Teachers' Retirement Law after such amendment became effective on July 16, 1923, and is

ineffective and of no force as to teachers then within or under the law, and that the *Annuity Board*, respondents here, should compute and certify the amount due the relatrix disregarding such amendment.

*By the Court.*—Let the writ of *mandamus* as prayed for issue.