In the Matter of the Application of HERMAN S. WHALEY, Appellant, against FRANCES PERKINS, Individually and as Industrial Commissioner of the New York State Department of Labor, and Another, Respondents.

First Department, February 13, 1931.

*Ruth Whitehead Whaley*, for the appellant.

*Frederick T. Davies* of counsel [*Isaac Frank* with him on the brief; *John J. Bennett, Jr., Attorney-General*, and *Alexander A. Tausky, Assistant Attorney-General*], for the respondents.

MERRELL, J.   The petitioner, a resident of the city, county and State of New York, for seven years prior to August 15, 1930, held the position of superintendent of the New York State Department of Labor, Employment Division, Harlem Branch, located at 443 Lenox avenue, borough of Manhattan.   On August 1, 1930, the petitioner received written charges from one Elmer F. Andrews, Deputy Industrial Commissioner of the New York State Department of Labor, charging petitioner, as such superintendent, with general incompetency in the management of the Harlem Branch of the Employment Bureau, inefficiency, and conduct unfitting an employee of the State.   Petitioner made answer in writing to

the charges made against him. On August 8, 1930, the petitioner received an order from the office of said Deputy Industrial Commissioner of the State of New York removing him from his said office as such superintendent, petitioner then being informed that his explanation and answer to the charges made were unsatisfactory, and directing that he remain away from the office of the Harlem Branch from and after August 15, 1930. Thereafter petitioner obtained from a justice of the Supreme Court an order requiring the defendant Frances Perkins, individually, and as Industrial Commissioner of the New York State Department of Labor, and the defendant Elmer F. Andrews, individually, and as Deputy Industrial Commissioner of the New York State Department of Labor, and each of them, to show cause at a Special Term of the Supreme Court, Part I, to be held in and for the county of New York, at the New York county court house, on August 26, 1930, why an order should not be made and entered herein granting a peremptory writ of mandamus or, in the alternative, why an alternative writ of mandamus should not be granted the petitioner herein. Upon the return day of said order to show cause, at the request of the attorney representing defendants, petitioner's application was adjourned to September 5, 1930, on which date the Special Term granted to petitioner an alternative mandamus order against defendants, commanding defendants to forthwith reinstate and restore petitioner to the place of superintendent, New York State Department of Labor, Employment Division, Harlem Branch, in charge of said branch office as theretofore, with all the rights, duties and privileges theretofore enjoyed by him, and with all the salary, interest and emolument due him as such superintendent from August 15, 1930, or that defendants show cause why the command of said order should not be obeyed, and make return to said order and the petition therefor pursuant to the provisions of the Civil Practice Act, at the office of the clerk of the county of New York within twenty days after service of said order upon defendants. Certified copies of the alternative mandamus order and of the petition were served on defendants on October 1, 1930. By order of the court the time of defendants to make return to said petition and alternative mandamus order was extended twenty days after the expiration of the twenty days given them by law to make return to the mandamus order or obey the command thereof. No return was made by defendants, but on November 10, 1930, defendants separately filed written objections to the petition and to the alternative mandamus order upon the following grounds, as stated in each of said objections: 1. That the court has not jurisdiction of the subject of the proceeding; and, 2.

That the petition does not state facts sufficient to entitle petitioner to the relief asked, or to any relief, by mandamus. On November 25, 1930, petitioner obtained an order directing defendants, and each of them, to show cause why an order should not be made and entered herein dismissing and striking out the objections so filed. Petitioner's motion coming on to be heard at Special Term, was denied by the order appealed from. The order denying petitioner's application and granted by the justice presiding at Special Term, to which such application was addressed, contained the following memorandum opinion: " Upon the foregoing papers this motion to vacate objections is denied. The petitioner has obtained an alternative order of mandamus. The respondent instead of making return thereto served objections. These have the same effect as if a demurrer had been filed to the pleadings. The respondent was within his rights and may concede the facts as set forth in the papers. If the relator was only entitled to a hearing on charges and this has been given him the law has been complied with. Relator is not entitled to a trial but a hearing. I can see no reasons why the objections cannot be heard and passed upon. The sufficiency of the objections is not before me on this application."

We are of the opinion that the justice presiding at Special Term below clearly misapprehended the import of the petitioner's motion, and in denying petitioner's motion to dismiss and strike out the objections of defendants, respondents, herein the Special Term erred. In our opinion the court clearly was mistaken in holding that the objections which defendants had interposed to the petition and alternative mandamus order were not before the court on such application. The objections were filed pursuant to the provisions of section 1322 of the Civil Practice Act, which provides that a person upon whom an alternative mandamus order is served, instead of making return to the petition and order, may file in the office where the order is returnable, written objections to the papers, in point of law. The effect of the objections filed was that of a demurrer to a pleading. The motion of petitioner to dismiss and strike out said objections was properly made and should have been determined by the court at Special Term, to which such motion was addressed. If the court determined that the objections interposed by defendants were well founded and that upon either of the grounds stated therein, either that the court was without jurisdiction of the subject of the proceeding or that the petition did not state facts sufficient to entitle petitioner to the relief asked, or to any relief, by mandamus, then the court should have denied petitioner's motion and dismissed the alternative order of mandamus.

If, on the other hand, the court found that the objections interposed were without merit, then the court should have granted the motion to dismiss and directed defendants to make return to the alternative order of mandamus. The duty of the court at Special Term was plain. This duty it did not perform, but under a misapprehension that the petitioner's motion was to vacate the objections interposed by defendants, the court denied the motion of petitioner.

Upon this appeal we think this court is called upon to pass upon the sufficiency of the objections interposed by the defendants. For the purposes of such determination the allegations of the petition must be deemed to be admitted by defendants. As to the defendants' claim of lack of jurisdiction in the Supreme Court to entertain the mandamus proceeding instituted by petitioner, we think the Supreme Court is vested with ample jurisdiction, and that it was the duty of the court to entertain the same. The question of jurisdiction was passed upon and decided by the court at Special Term in granting the alternative order of mandamus. No appeal was taken therefrom, and in our opinion that question became *res judicata*. In *People ex rel. Meeks* v. *Drummond* (2 Bradbury Pleading & Practice, 32) it is stated in the headnote: " When on a motion for a mandamus to compel the reinstatement of an employe of the city of New York there are allegations in the petition tending to prove that the charge on which the petitioner was removed was wholly unfounded and unsubstantial, an alternative writ of mandamus should be issued to permit the relator to prove the truth of his charges." The opinion in that case, written by BISCHOFF, J., is as follows: " The averments of the opposing affidavits, if accepted as true, obviously support the fact that the petitioner was removed after a hearing upon a substantial charge; therefore a peremptory writ of mandamus is not to be granted. According to the petition, however, the charge made was wholly unfounded and unsubstantial, and while the opposing papers, in the presentation of the language used by the petitioner, would tend to prove that there was ground for this charge of insubordination, the court cannot read the opposing affidavits into the petition and determine the issue as one of law, agreeably to the argument for the respondents. Whether or not the petitioner can prevail upon the merits is not a question for determination at the present time. He is entitled to a trial upon the issue tendered by his petition, and to an opportunity to meet the defense indicated by the respondent's papers. If a substantial charge had been made as the basis of his removal, and he was removed after a hearing upon it, the court would look no further but the petition serves

to present a case of a removal upon a charge devoid of substance, and if this case is established the court may direct reinstatement. *Matter of Griffin* v. *Thompson*, 202 N. Y. 104.

"Motion for peremptory writ denied; an alternative writ may issue."

It has been repeatedly held that when the court finds that an officer has been removed on fanciful or frivolous charges insufficient to justify such removal, the procedure to test the action of the officials making the removal should be by mandamus proceedings. In *People ex rel. Sims* v. *Fire Commissioners* (73 N. Y 437), Judge ALLEN, writing for the Court of Appeals (at p. 440) said: "We have held that the discretion vested in the board to remove 'regular clerks' and 'heads of bureaus' is not an unlimited discretion; but that the power can only be exercised for some reasonable cause, either of neglect of duty or incompetency, or something affecting his character or fitness for the position."

In *People ex rel. Munday* v. *Fire Commissioners* (72 N. Y. 445) the same judge, with reference to the removal of department heads and regular clerks of the civil service, stated (at p. 448): "It was intended as a substantial limitation of the general power of removal, conferred by the same section, * * * and to secure the continuance in office of the persons named until a reasonable cause other than the pleasure of the heads of the departments, or a change in the political character of the majority, should exist for their removal."

Furthermore, in our opinion the provisions of section 22, subdivision 2, of the Civil Service Law (as amd. by Laws of 1924, chap. 612) clothed the petitioner with a right to resort to mandamus proceedings to remedy his wrongful discharge. In our opinion, not only because the question of jurisdiction has become *res judicata* by reason of the granting of the alternative mandamus order, but also under the general jurisdiction of the Supreme Court, and under the provisions of the Civil Service Law the court clearly had jurisdiction to entertain the proceeding.

As before stated, for the purpose of this motion, the allegations contained in the petition upon which the alternative order of mandamus was granted must be taken as true. The allegations of the petition herein, if true, certainly show that the petitioner was unjustly discharged and require his reinstatement to the office from which he was removed. Petitioner alleges facts showing arbitrary and unjustifiable action on the part of defendants in removing him from the office which he had held for seven years and in which he had received promotion. In our opinion, the objections filed by defendants were without merit and should have

been dismissed and defendants required to make return to the petition and alternative order of mandamus.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and defendants required to make return to the petition and alternative order of mandamus.

DOWLING, P. J., FINCH, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendants required to make return to the petition and alternative order of mandamus. Settle order on notice.