In the Matter of the Petition of MARY F. HOGAN, Appellant, for a Peremptory Mandamus Order against THE NEW YORK STATE TEACHERS RETIREMENT SYSTEM and Another, Respondents.

Order affirmed as a matter of law and not in the exercise of discretion, with costs. Hill, P. J., Rhodes, McNamee and Crapser, JJ., concur; Heffernan, J., dissents, with an opinion.

HEFFERNAN, J. (dissenting). I am unable to concur with the majority of my associates in this matter. Petitioner's sister, Helen M. Fitzgerald, was a school teacher in the public schools of Troy and a member of the local Troy retirement system prior to August 1, 1921. At that time there were many separate and independent local city or county teachers retirement systems in operation in this State outside of New York city. By chapter 503 of the Laws of 1920 various previous statutes were repealed, effective August 1, 1921, and a new article known as 43-B was added to the Education Law and became the law in effect May 4, 1920, applicable to the subject of the retirement of teachers. The sections of the law which are pertinent to the questions here involved will be referred to later. Pursuant to the privilege granted to her by the act of 1920, Miss Fitzgerald became a member of the retirement system on the 1st day of August, 1921, and under date of November 25, 1921, received her certificate of membership and of prior service. By the terms of this certificate Miss Fitzgerald was certified to be a member and was credited with twenty-six years and four months of service as a public school

teacher prior to August 1, 1921. She continued to teach in the schools of Troy until June, 1931, which made her total service more than thirty-six years. By the terms of the statute under which the retirement system was established Miss Fitzgerald's entrance as a member was voluntary on her part. She surrendered her membership and rights in the Troy retirement system and its funds and property were taken over by the retirement system. She paid into this system a monthly portion of her salary during the more than ten years of her membership. The statute (Education Law, § 1101) constitutes the present system as a corporation for the transaction of all its business and it is required to transact such business as such corporation. The statute determines its composition (§ 1102). Its affairs are administered by a retirement board (§ 1103). Provision is made for superannuation retirement upon a superannuation allowance (§ 1109) and also disability retirement (§ 1109-a), each with optional allowances (§ 1109-c) and with withdrawal and death benefits (§ 1109-b). A number of funds are established (§ 1109-e). In its original 1920 form the Education Law, section 1109, so far as material here, provided: " § 1109. Superannuation retirement. (1) Retirement upon a superannuation allowance shall be made under the following conditions: (a) * * * a member who has completed thirty-five years of total service may retire from service if he files with the retirement board a statement duly attested setting forth at what date subsequent to the execution and filing thereof he desires such retirement and if during the year immediately preceding the filing of such statement he shall have been a teacher. The retirement board shall retire said member as of the date so specified by the member or as of such other time within thirty days thereafter as the retirement board may find advisable." And section 1109-c, so far as material, provided, in the original 1920 statute: "§ 1109-c. Optional allowances. At the time of his retirement, any member may elect to receive his benefits in a retirement allowance payable throughout life or he may on retirement elect to receive the actuarial equivalent at that time of his retirement allowance in a lesser retirement allowance, payable throughout life with the provision that: Option 1. If he die before he has received in payments the present value of his retirement allowance as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person as he shall nominate by written designation duly acknowledged and filed with the retirement board." These two sections were amended by the Laws of 1927 so as to read as follows: " §' 1109. Superannuation retirement. (1) Retirement upon a superannuation allowance shall be made under the following conditions: (a) * * * any member who has completed thirty-five years of total service shall be retired from service if he files with the retirement board a statement duly attested setting forth at what time not less than thirty days nor more than sixty days subsequent to the execution and filing thereof he desires such retirement." (Laws of 1927, chap. 706.) " § 1109-c. Optional allowances. With the exception that no election of an optional benefit shall become effective in case a member dies within thirty days after the filing of an application for a retirement allowance, until the first payment on account of any benefit becomes normally due, any member, at the time of his retirement, may elect to receive his benefits in a retirement allowance payable throughout life or he may on retirement elect to receive the actuarial equivalent at that time of his retirement allowance in a lesser retirement allowance, payable throughout life with the provision that: Option 1. If he die before he has received in payments

the present value of his retirement allowance as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person as he shall nominate by written designation duly acknowledged and filed with the retirement board." (Laws of 1927, chap. 698.) On June 6, 1931, Miss Fitzgerald, having then completed more than thirty-five years continuous active service as a teacher and being a member in good standing of the New York State teachers retirement system filed with the retirement board a statement executed in accordance with the statute setting forth the date on which she desired retirement. In such statement Miss Fitzgerald designated petitioner as her beneficiary and selected option 1, quoted above, which entitled such beneficiary to the sum of $8,268. Miss Fitzgerald died on June 20, 1931, and on July fourteenth following the retirement board informed petitioner that it refused to retire her sister. Thereupon petitioner instituted this proceeding to compel the retirement and to enforce payment of the optional benefit. Respondents filed objections to the petition and moved to dismiss it on the ground that it did not state facts sufficient to entitle petitioner to relief by mandamus. The court at Special Term sustained the objection and dismissed the petition and this appeal involves the validity of that order. The motion to dismiss the petition being in effect a demurrer the material facts alleged therein are deemed to be true and petitioner is entitled to the benefit of a liberal construction thereof. (*Matter of Whaley* v. *Perkins*, 231 App. Div. 502.) The sole question, therefore, which we have to consider is the sufficiency of the petition. The issue for determination here involves the construction of the provisions of sections 1109 and 1109-c of the Education Law. Two fundamental questions of law are presented. The first question is whether the death of the teacher within thirty days after she filed her application for a retirement allowance precludes her retirement and prevents the payment of the optional benefit which she selected. The second question is whether the amendatory statutes of 1927 can be lawfully applied to this case. Petitioner asserts that Miss Fitzgerald was entitled to retire upon filing her statement and that such right was not forfeited because of her death two weeks after such filing, and also that the amendments to the statute in 1927 have no application to the situation here. The claim of the respondents is that the retirement allowance has been lost or forfeited because the teacher died on June 20, 1931, and that her retirement did not and could not become effective until July 8, 1931, and that the amendments made to the Retirement Law in 1927 are applicable and valid. The petition contains the allegation that on June 6, 1931, when Miss Fitzgerald filed her application for service retirement that she requested her immediate retirement, upon the filing of the certificate. Respondents now contend that in her application for retirement Miss Fitzgerald actually requested her retirement on July 8, 1931. Respondents are in no position to present such an issue. By their motion to dismiss the petition the truth of the allegation as to immediate retirement is admitted. The conditions prescribed by statute upon which a teacher-member may retire from the service are: (1) The completion of thirty-five years of total service; (2) the filing of a statement duly attested setting forth the date on which retirement is desired; (3) the fact that she has been a teacher during the year immediately preceding the filing of the statement. There can be no doubt that under the statute of 1920 a qualified teacher might retire if she filed with the board a statement setting forth at what date she desired retirement and the board was required to retire as of that date. It had no power to

retire a teacher without her filed statement. She alone could declare the retirement; she alone could exercise the right to retire. The statute left that matter entirely to her. No one was authorized to nullify that decision. (*Matter of O'Brien* v. *N. Y. State Teachers' Retirement Board*, 215 App. Div. 220; affd., 244 N. Y. 530.) In that case it appeared that the teacher had served thirty-five years and three months prior to August 1, 1921. The payment of the retirement allowance elected by her was contested upon the ground that her election for retirement was filed on February 21, 1925, and that she died within thirty days thereafter. In her application she stated that she desired retirement on February 6, 1925, which was a date before her application was filed, and which was less than thirty days before her death. There the court held that the statement filed by the teacher was tantamount to an election to have her retirement take place immediately upon its filing; that she had the absolute right to retire by filing such a statement and that she had fulfilled every statutory condition and was entitled to an order of retirement. It seems to me that the questions involved here must be determined under the statute of 1920. The relationship between Miss Fitzgerald and the New York State teachers retirement system was contractual, resting on a valid consideration, and was not subject to alteration or change by subsequent legislative action in the form of amendment or otherwise, as such alteration or change would impair the obligations of her contract within the inhibitions of article 1, section 10, of the Federal Constitution and article 1, section 6, of the the State Constitution. In the last analysis the retirement system carries on a business which is essentially insurance. In fact it may sell additional annuities to members desiring to purchase them (§ 1109-f). It makes its own investments and profits and annually, like other insurance companies, makes its report to the Superintendent of Insurance. In fact in its first annual report the board asserted that the annuities provided had been adequately and scientifically planned and that " the approved methods of life insurance are followed throughout." If the relationship·between the system and its members is not contractual then what is it? Certainly the payments to its members are not a gratuity but in the nature of additional compensation for valuable services rendered. The assets of this corporation are furnished by the members and their employers. Out of those assets, and the profits on the investment thereof, the payments under the options must come. Here as in the *O'Brien* case, Miss Fitzgerald had done all that the statute required her to do in order to exercise her absolute right to retire. The argument of the respondents is that she forfeited this absolute right which she had exercised in the manner provided by the statute by the fact of her death within thirty days, a fact over which she had, and could have, no control. The contention of the retirement board is that to entitle a teacher to obtain the benefits of a retirement allowance she must not only have completed thirty-five years of continuous service but one month additional and then she must guarantee her own survival during the added month. The statute provides no such forfeiture. It is fundamental that a forfeiture is not favored and will never be considered or enforced unless so plainly provided that its enforcement is unavoidable. There is not a suggestion in the statute of such a forfeiture. There is nothing in the statute requiring the teacher in the statement which she files to select a date for desired retirement within her lifetime. There is nothing in the statute requiring the retirement board to take such action as will perform its

mandatory duty only within her lifetime, or forbidding it to perform that duty after her death. There is nothing in the statute which limited the teacher as to the day stated by her to some day before her death, on pain of forfeiture of her right to retire, or with any other consequence. The only restriction as to the day stated by her is that it shall be a date subsequent to the execution and filing of her " statement duly attested." There is nothing in the statute which restricts or attempts to restrict that subsequent date to a date which shall surely find her living on its arrival. There is nothing in the statute which forbids her to name a date which, in the exigencies of life, may not arrive until after her death. As this court said in the *O'Brien* case, the statute " does not require the board to make its order within thirty days. It does not forbid it to make an order after the death of a member." Even if we concede that the amendments of 1927 are applicable to this case, the position of the petitioner is not materially changed. The essential changes in section 1109 from the provisions in the act of 1920 are (a) to substitute " shall be retired " in place of " may retire; " (b) to substitute in the statement " at what time not less than thirty nor more than sixty days " in place of " at what date subsequent." There is no vital difference between this section as amended and the section as it was in the act of 1920. The condition on the provision " shall be retired " is " if he files with the retirement board a statement duly attested setting forth at what time not less than thirty days nor more than sixty days subsequent to the execution and filing thereof he desires such retirement." This section does not require the time specified to be within the lifetime of the teacher. It does not forbid such specified time, if it should so eventuate, to be after her death. It provides no forfeiture, in case of her death before the specified time. It does not limit to her lifetime the operation of the provision " shall be retired," and exacts nothing further from the teacher than the filing of the statement. She is not required to guarantee that she will live until the specified time. The amendment to section 1109-c placed the following before the provision as it was in the act of 1920: " With the exception that no election of an optional benefit shall become effective in case a member dies within thirty days after the filing of an application for a retirement allowance, until the first payment on account of any benefit becomes normally due," the member may elect, as in the original section. This language is clear. It postpones the becoming effective of the option selected by the teacher, in case she dies within thirty days " after the filing of an application for a retirement allowance," *until the first payment of the benefit becomes normally due.* The statute nowhere speaks of filing an " application for a retirement allowance." All that the teacher-member is requested to file is a " statement duly attested." So this provision, added by such amendment, means and can mean only that an option elected at the filing of the retirement statement, in case the teacher shall die within thirty days thereafter, shall not " become effective " " *until the first payment* " *under the option* " *becomes normally due.*" In the case of Miss Fitzgerald, this can only mean that the becoming effective of the option selected by her is, because of her death, postponed until the time when it would normally become due, had she lived. It means that the first payment under her option, which would normally become due, if payments are made monthly, one month after the date specified in her " statement duly attested," July 8, 1931, shall not become due until August 8, 1931, because of her prior death. In other words, the prior death shall not

advance the time of payment of the benefit. The 1927 amendments, if attempted to be applied to this case to affect injuriously the standing and rights of Miss Fitzgerald as a member of the retirement system, would be unconstitutional and void. They might affect future members, but they cannot affect past members, who voluntarily joined, without their explicit assent. (*State ex rel.* v. *Blied*, 188 Wis. 442; *Ball* v. *Bd. of Trustees of Teachers' Ret. Fund*, 71 N. J. L. 64; U. S. Const. art. 1, § 10, Amdts. V, XIV; N. Y. Const., art. 1, § 6.) In *State ex rel.* v. *Blied* (*supra*) it was held: " (1) One engaged in teaching in this state and whose services are to be paid for in whole or in part by the state school fund is not a public officer, and his valid contracts cannot lawfully be destroyed or impaired by subsequent legislation, because such contracts are within the protection of Section 12, Art. 1, Wisconsin Constitution, prohibiting the passage of any law impairing the obligation of contracts, as well as by section 10, art. 1 of the Constitution of the United States, prohibiting any state from passing any such law. (2) It has been held by this court from an early date that a teacher stands in a contract relation as distinguished from the tenure or holding of a public officer.   *   *   *   (3) It being clear, therefore, that we have here a contractual relationship between the State of Wisconsin and the deceased teacher, Albert B. O'Neil, the rights that accrued to him under the law as it was passed in 1921, and the provisions of which were complied with in all respects by him so as to then entitle him to benefit under its provisions, were of such a nature that it was beyond the rightful power of the Legislature, by its amendment by chapter 416 of 1923, *supra*, to take away or modify without the consent of the other party to the contract," and concludes by holding that the Wisconsin amendment of 1923 had force and effect only as to those teachers coming within the system after its passage.   In the *Ball* case it was held: " The legal relation between the plaintiff and the defendants is that of contract.   By electing to accept the provisions of the Act of 1896, and making or tendering the necessary payment, the plaintiff, when incapacitated, became entitled to the annuity, which, although not a personal obligation of the board of trustees, was payable to her out of the fund.   The terms of the agreement are to be ascertained by reference to the statute.   When this agreement was once made, it could not be altered without the consent of both parties thereto and upon sufficient consideration.   The fact that the terms of the agreement were embodied in an act of the legislature does not change its essential character as a contract, and it was beyond the power of the legislature to impair the obligation of the contract by subsequent legislation. The annuity is not a pension granted by the state, and no part of it is payable out of state funds."   Here the State does not pay out of its funds the benefits provided. In 24 Ruling Case Law, 621, it is said: " In some jurisdictions, statutes have been passed creating teachers' retirement funds under which it is optional with the teachers to come under its provisions by having a certain sum deducted from their salary.   Under such statutes it is held that the election to participate in the fund raises a contract relation, the terms of which are ascertained by reference to the statute.   Accordingly the terms of this contract cannot be altered as to those who have already accepted even by a subsequent statute."   Every equitable consideration favors the claim of the petitioner.   In my opinion she is entitled to the relief sought and hence I believe that the order appealed from should be reversed and a peremptory order of mandamus issued as prayed for, with costs in this court and in the court below.