State ex rel. Stafford, Petitioner, vs. State Annuity
. and Investment Board, Respondent.

*June 5—June 24, 1935.*

*L. H. Bancroft* of Richland Center, for the petitioner.

For the respondent there was a brief by the *Attorney General* and *Harold M. Wilkie,* special counsel, and oral argument by *Mr. Wilkie* and *Mr. W. E. Thorkelson,* all of Madison.

FAIRCHILD, J.   Under ch. 459, Laws of 1921, a contract relation exists between the state and the teachers in the edu-

cational system of the state. We consider this proposition definitely settled. *State ex rel. O'Neil v. Blied,* 188 Wis. 442, 206 N. W. 213; *State ex rel. Dudgeon v. Levitan,* 181 Wis. 326, 193 N. W. 499. The cases just cited treat with the statute creating the fund upon which the legislature attempted to give the relatrix a claim by enacting ch. 417, Laws of 1933. Ch. 459, Laws of 1921, created contractual relations between certain teachers and the state of Wisconsin, and gave such teachers a vested interest in, and a right to participate in, that certain fund described as the contingent fund created by the retirement law. Those who may participate in the benefit are limited to teachers qualified and complying with the terms of the law. The sum of money which the State Annuity and Investment Board were directed to pay to the relatrix by ch. 417, Laws of 1933, is to come from that fund. The conceded facts show the nonexistence of a right or claim in this particular fund in Mr. Stafford at the time of his death. It therefore follows that the attempt to place within the reach of Stafford's estate or of his beneficiary this fund, or any portion of it, results in the invasion of the rights of others, because it is a direct impairment of contractual rights of teachers entitled to participate in said fund under a contract between them and the state.

Mr. Stafford did not belong to that group. He had an interest in the teachers' retirement fund provided for in ch. 323, Laws of 1911. Under that chapter, his right to participate matured upon his retirement. There was no provision for a death benefit, nor was there any provision made whereby amounts paid into the fund by Stafford ($37.94) could be returned to his estate. Had Mr. Stafford retired from teaching, he would have been entitled to receive an annuity for life. He continued teaching, and therefore his interest never matured into an established claim. The fund was discharged of any liability to him at the time of his death. The provisions of ch. 459, Laws of 1921, are limited to those teachers

living at the time of its enactment who entered into the new contract with the state. As no right to the fund survived Mr. Stafford, it seems plain that the annuity board's contention is sound, and that when Mr. Stafford died, all rights he or his heirs had to any pension money from the state under the teachers' retirement law terminated.

Ch. 417, Laws of 1933, is an invalid enactment. It is an attempt by the legislature to appropriate to a stranger to the fund money belonging to those teachers who are presently members of the teachers' retirement system. Their interest exists by virtue of their contract with the state as evidenced by the provisions and requirements of ch. 459, Laws of 1921. To interfere with such rights acquired by virtue of that contract is to take something of value from the rightful owner in an unlawful way. The demurrer to the return is overruled because ch. 417, Laws of 1933, offends against sec. 12, art. I, of the constitution of the state of Wisconsin, wherein the people of this state have forbidden their representatives to enact "any law impairing the obligation of contracts," and sec. 10, art. I, of the constitution of the United States, reading: "No state shall . . . pass any . . . law impairing the obligation of contracts."

*By the Court.*—Demurrer overruled, and writ denied.