In the Matter of the Application of CHARLES A. SCHLIENTZ, Petitioner, for a Mandamus Order against MORRIS S. TREMAINE, as Comptroller of the State of New York, Defendant.

Supreme Court, Albany County, February 4, 1936.

*Scheiberling & Schneider*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the defendant.

RUSSELL, J.   The petitioner was born July 10, 1866.   His first employment by the State began in 1895, and continued, with some interruptions, until July 15, 1934.   He became a member of the New York State Employees Retirement System (Civil Service Law, art. 4) on January 1, 1921.

In February, 1934, the petitioner sustained an accidental injury in the course of his employment, which injury resulted in a disability incapacitating him for the performance of service in his employment.

Thereafter and on July 14, 1934, the petitioner filed application for accidental disability retirement and this application was approved by the Comptroller on December 19, 1934.

A controversy arose as to the amount and basis of computation of his retirement allowance and the petitioner now seeks a mandamus order directing the payment of his retirement allowance on the basis of the computation as prescribed by section 65 of the Civil Service Law.   The Comptroller contends that the petitioner's retirement allowance must be computed in accordance with section 63 of the Civil Service Law.

Under section 65 upon retirement for accident disability a member shall receive a retirement allowance which shall consist of (1) an annuity and (2) a pension of three-fourths of his final average salary. Under section 63 upon retirement for superannuation, *or for any other cause after attainment of sixty,* a member shall receive a retirement allowance which shall consist of (1) an annuity and (2) a pension computed on his final average salary and his years of service as a member of the system at one rate and his years of service prior to January 1, 1921 (Civil Service Law, § 52), certified to him in his prior service certificate, at a different rate.

Under section 65 medical examination and retirement for accident disability is expressly limited to a member *under* sixty years of age.

Upon such a retirement the *said* member becomes entitled to the retirement allowance benefits of that section.

Section 63, which relates to superannuation retirement, that is, retirement upon attaining age sixty (§ 62, subd. 1), and which provides for a basis of retirement allowance different from section 65, was amended by chapter 239 of the Laws of 1931, and the effect of this amendment was to limit the retirement allowance to the benefits of that section for all retirements " for superannuation or for any other cause after the attainment of sixty."

This amendment was apparently made to clarify the law and to overcome the effect of an opinion of the Attorney-General (1926 Opinions of Attorney-General, p. 79), which held a member under the law before amendment entitled to the benefits under section 65 upon accidental disability retirement, although more than sixty years of age. Such opinion was based upon a construction of the intent, rather than the letter, of the statute.

Whether the retirement benefits for accidental disability, as a matter of social justice or otherwise, should vary at age sixty of a member so retired, is a matter for the Legislature to determine as a question of public policy and not for the courts. The fact remains that the plain language of the statute and the purpose and intent which motivated its enactment, creates such a difference and establishes a differential, on the age factor, in right of benefits of retirement allowance for accidental disability.

The petitioner asserts that the relationship existing between him as a member and the State Employees Retirement System was contractual and that the amendment of 1931 to section 63 affected his status as a member under the law as it previously existed and altered and impaired that contractual relationship and that this amendment of the statute in 1931, as to the petitioner, is invalid and unconstitutional. I cannot agree with that contention.

No right or interest of a member of the retirement system becomes vested until retirement is consummated and complete. (*Matter of O'Brien* v. *N. Y. State Teachers Retirement Board,* 215 App. Div. 220; affd., 244 N. Y. 530.)

The contributions made to the system by the petitioner, with the accumulation, become the fund, now as before any change was made in the statute, from which the annuity is paid on the same basis under section 63 as under section 65. The only effect of the amendment of 1931, if such amendment were necessary to give such effect, was a change in the amount of pension payable from funds appropriated by the State upon an accidental disability retirement. An expectancy created by force of the opinion of the Attorney-General has been changed. Such a change does not

impair the obligation of a contract but changes the basis of a mere expectancy. The power to make such change is one within the right of the Legislature to exercise. (*People ex rel. Devery* v. *Coler*, 173 N. Y. 103; *Roddy* v. *Valentine*, 268 id. 228; *Matter of Hogan* v. *New York State Teachers Retirement System*, 242 App. Div. 868; affd., 268 N. Y. 64; *Matter of O'Donnell*, 153 Misc. 480.)

Application for mandamus order denied, without costs.