STATE of Wisconsin EX REL. Kenneth W. DICKS, Petitioner-Respondent,

v.

EMPLOYE TRUST FUNDS BOARD, Respondent-Appellant,†

COOPERATIVE EDUCATION SERVICE AGENCY NO. 10, Respondent.

Court of Appeals

*No. 95–1661. Submitted on briefs December 12, 1995.—Decided June 6, 1996.*

(Also reported in 551 N.W.2d 845.)

† Petition to review denied.

For the respondent-appellant the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Warren M. Schmidt*, assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *John C. Talis* of *Lawton & Cates, S.C.* of Madison.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

GARTZKE, P.J. The Employee Trust Funds Board (Board) appeals from a circuit court order reversing the determination by the Department of Employe Trust Funds (Department) that Kenneth W. Dicks did not participate in the Wisconsin Retirement System (WRS) until January 1979. The court directed the Board to award Dicks participating employee status from an earlier date. The dispositive issue is whether, as the Board held, Dicks's claim to participation status before January 1979 is time-barred. We conclude it is not barred, and we therefore affirm.

Dicks is a participating employee in WRS. He has not retired. He is employed by Cooperative Education Service Agency (CESA #10). In April 1976 Dicks began employment at CESA #6 (now part of CESA #10) as a non-teacher employee. CESA #6 non-teaching employees could participate in the Wisconsin Retirement Fund, a predecessor of the Wisconsin Retirement System. However, CESA #6 did not report Dicks to the Department as a participating employee for the period April 1976 to January 1979. CESA #6 first reported him as a participating employee in January 1979.

On December 14, 1990, Dicks appealed to the Department concerning his April 1976 to January 1979

employment. The Department determined that his appeal was time-barred under § 40.06(1)(e)1, STATS., because Dicks had filed it more than seven years after the services he rendered. The Department also concluded that Dicks's eligibility to participate in WRS during that period was not subject to correction under § 40.08(10), STATS. Dicks then appealed to the Board.[1]

Section 40.06(1)(d), STATS., provides in material part:

> Each participating employer . . . shall notify the department in the manner and at the time prescribed by the department, of the names of all participating employes classified as protective occupation participants . . . or classified as teacher participants . . . or other classification as specified by the department.

Section 40.06(1)(e)1, STATS., provides in material part:

> An employe may appeal a determination under par. (d), including a determination that the employe is not a participating employe, to the board by filing a written appeal with the board. An appeal under this paragraph does not apply to any service rendered more than 7 years prior to the date on which the appeal is received by the board . . . .

Section 40.08(10), STATS., provides in material part:

---

[1] In January 1990, when Dicks appealed his employer's determination, § 40.06(1)(e), STATS., 1987-88, required that he file his appeal with the Department. He could appeal the Department's determination to the Board. Section 40.06(1)(e)1, 1987-88. Since the enactment of 1991 Wis. Act 152, § 12, an employee appeals directly to the Board from his employer's determination that he is not a participant.

Service credits granted and contribution, premium and benefit payments made under this chapter are not subject to correction unless correction is requested or made prior to the end of 7 full calendar years after the date of the alleged error or January 1, 1987, whichever is later, unless the alleged error is the result of fraud or unless another limitation is specifically provided by statute. This subsection does not prohibit correction of purely clerical errors in reporting or recording contributions, service and earnings.

Following an evidentiary hearing, the Board found that in December 1976 Dicks understood that CESA #6 did not regard him as a participating employee in the Wisconsin Retirement Fund. He was told, incorrectly, that there was a one-year waiting period, and he was told, again incorrectly, that he had to "complete paperwork" to qualify. On May 3, 1991, the CESA administrator advised the Department that Dicks had not been reported as a participating employee because he did not "enroll" in the retirement system in May 1976. The CESA accounting clerk advised the Department that in April 1976 "retirement was a deduction not a benefit" and "employees who did not initially choose retirement were then given the option to enroll." The Board found, "Both of these reasons for not reporting the appellant as a participating employee were invalid. The information given to the appellant by the officials of CESA #6 regarding the waiting period and completing paperwork was also manifestly incorrect."

The Board found that "since CESA #6 was a participating employer, the appellant was an employe as defined in Section 41.02(7), [STATS.] (1975-1976)."[2] The

---

[2] Section 41.02(7), STATS., 1975-76, defined "participating employe" to mean "an employee . . . who is currently in the

Board nevertheless ruled that because his appeal was time-barred by § 40.06(1)(e)1, STATS., the Department's determination that Dicks was not a participating employee for the period April 1976 to January 1979 was final. The Board also ruled that no correction could be made for that period under § 40.08(10), STATS. The Board reasoned that before service credits may be granted, the person must be a participating employee in the WRS. Since a final determination was made for the period in issue that Dicks was not a participating employee, the Board could not make the correction.

Dicks brought certiorari in the circuit court for Dane County as authorized by § 40.08(12), STATS., to review the Board's decision. The court held that Dicks's time to appeal to the Board had not run under § 40.06(1)(e)1, STATS., and therefore reversed the Board's decision. The Board appeals.

Certiorari review of an agency's decision is limited to whether the agency kept within its jurisdiction, acted according to law, its action was arbitrary or unreasonable, and it might reasonably make the decision on the evidence before it. *Schmidt v. Employe Trust Funds Board*, 153 Wis. 2d 35, 40, 449 N.W.2d 268, 270 (1990). We review the agency's decision de novo and without deference to the view of the certiorari court.

When, as here, the only question is one of law—whether the agency has properly interpreted and applied the statute to the undisputed facts—the agency's interpretation does not bind us. *Harnischfeger*

---

service of a participating employer." Participating employees were included within the provisions of the Wisconsin Retirement Fund. Section 41.07(1)(a), STATS., 1975-76.

*Corp. v. LIRC*, 196 Wis. 2d 650, 659 60, 539 N.W.2d 98, 102 (1995). We should defer in varying degrees to the agency's interpretation of an ambiguous statute. *Id*.

■

However, an agency's entitlement to judicial deference to its statutory interpretation cannot prevail against a decision by the court of appeals contrary to the agency's interpretation. When the court of appeals construes a statute in a published opinion, that opinion binds every agency and every court until it is reversed or modified. This is the meaning of § 752.41(2), STATS., which provides, "Officially published opinions of the court of appeals shall have statewide precedential effect."

The Board decided Dicks's appeal shortly before we released our opinion in *Benson v. Gates*, 188 Wis. 2d 389, 525 N.W.2d 278 (Ct. App. 1994). In *Benson* we held "that the period of limitation under § 40.08(10)[, STATS.,] within which errors in computing teachers' service credits may be corrected begins to run when the Department determines a participant's benefits upon retirement." 188 Wis. 2d at 391-92, 525 N.W.2d at 280.

Our reasoning in *Benson* is of more significance to the appeal before us than is our holding in that case regarding § 40.08(10), STATS. We said:

> Pension rights are contractual and are protected by Article I, Section 12 of the Wisconsin Constitution prohibiting the passage of any law impairing the obligation of contracts. *State ex rel. O'Neil v. Blied*, 188 Wis. 442, 446, 206 N.W. 213, 214 (1925); *see* § 40.19(1), STATS. Thus, when the legislature merged the teachers' retirement systems with the Wisconsin Retirement Fund to create the Wisconsin Retirement System, it could not divest plan participants of their right to creditable service vested in

them by § 42.245(1)(a), STATS., 1965. *The legislature could, however, establish a period of limitation after which a plan participant could not maintain an action against the Department and Board to correct an error in calculating and paying retirement benefits. See Shaurette v. Capitol Erecting Co.*, 23 Wis. 2d 538, 547, 128 N.W.2d 34, 39 (1964) (statute shortening an existing limitation valid if grace period granted to begin action) (citing *Swanke v. Oneida County*, 265 Wis. 92, 102-04, 60 N.W.2d 756, 761-62 (1953)). *The legislature could not, however, enact a period of limitation which would have the effect of extinguishing a participant's claim without fair notice of change in the period of limitation and a fair opportunity to preserve that claim. See id.*, at 544-48, 128 N.W.2d at 37-39. We, therefore, conclude that the "discovery" date under § 40.08(10), STATS., is the date on which the Department calculates and pays retirement benefits to a plan participant.

*Id.* at 404-5, 525 N.W.2d at 285-86 (emphasis added; footnote omitted).

When we said in *Benson* that the legislature merged the teachers' retirement systems with the Wisconsin Retirement Fund to create the Wisconsin Retirement System, we referred to the Laws of 1981, ch. 96. That law created the period of limitation in § 40.08(10), STATS., by which errors in computing service credits may be corrected, and it created § 40.06(1)(d) and (1)(e), STATS. Laws of 1981, ch. 96, § 24. Before 1981, no such statutes existed.

The 1981 merger law did not clearly specify that employees had a right to appeal from an employer's determination as to the employee's participation in WRS. That right was first made express and specific in § 40.06(1)(e), STATS., by 1983 Wis. Act 290, § 5, effective

April 27, 1984, and that amendment extended the time limitation on appeals to the Department from two to seven years.

█

It may be, as the Board contends, that § 40.06(1)(e), STATS., is plain and unambiguous on its face. But as in *Benson*, here the legislature enacted a limitation which would extinguish an employee's claim to pension rights in WRS without a fair notice of the after-adopted limitation and without a fair opportunity to preserve that claim. In *Benson*, the pension rights were service credits for an employee who had participation status for the period involved. Here, participation status itself would be snuffed out by the after-adopted limitation in 1983 Wis. Act 290. As in *Benson*, here contractual rights are at stake, and those rights cannot be extinguished by new legislation, plain or ambiguous, without fair notice and fair opportunity to preserve those rights. *Benson* at 404-05, 525 N.W.2d at 285-86.

█

We have searched the record for evidence that at any time after the new legislation anybody connected with CESA #6 or the Department timely told Dicks, or that he knew, that to preserve his right to review of the determination that he was not a participating employee, he had to file an appeal with the Department within seven years of the period concerned. The evidence is not there. Nor do the record, the briefs or our own research disclose a statute in effect before the new legislation requiring that an appeal to participate be filed within a given time. Although the time limit in § 40.06(1)(e), STATS., was enacted after the period of service concerned, nothing in that or any other statute provides for fair notice to an employee of the change in

the period of limitation and a fair opportunity to preserve a claim to participation in WRS. Given the contractual nature of pension rights, we will not pretend that the new legislation—never brought to the employee's attention—timely notified him of the need to file a timely claim.

The Board asserts that when establishing WRS in 1981 the legislature limited an employee's contractual right to a pension for employment already completed to either the benefit provided by statute during that employment or the benefit provided under the new system. The Board relies on the last sentence in § 40.19(1), STATS., "This section shall not be interpreted as preventing the state from requiring forfeiture of specific rights and benefits as a condition for receiving subsequently enacted rights and benefits of equal or greater value to the participant."

The Board's argument continues that § 40.19(2), STATS., compels an employee to choose between previous relevant provisions or the WRS system. Section 40.19(2) provides in material part:

> Any person . . . who is a participant in the Wisconsin retirement fund . . . on the day prior to January 1, 1982, and who becomes a participating employe in the Wisconsin retirement system may request, prior to application for any benefit from the system, that the amount of and eligibility for benefits from the Wisconsin retirement system be determined in accord with the laws in effect on that date but the election shall be totally in lieu of any benefit amount or eligibility provided by this act or any subsequent act.

Whether § 40.19(1) and (2), STATS., have the compulsive effect the Board claims for those provisions is a point we need not decide. Even assuming that is true,

and even assuming that those statutes are plain on their face in that regard, *Benson* establishes the legislature could not enact a period of limitation which would have the effect of extinguishing a claim to be a participant without fair notice of a change of the period of limitation and a fair opportunity to preserve the claim. *Benson*, 188 Wis. 2d at 404-05, 525 N.W.2d at 285-86.

We conclude that the Board erred, and that the error should be corrected by directing the Board to award participating employee status to Dicks for the period in question. Because the circuit court order provided exactly that relief, we affirm.[3]

*By the Court.*—Order affirmed.

---

[3] We need not review the trial court's conclusion that the seven-year limitation on correcting an employer's error in determining an employee's participant status or classification under § 40.06(1)(d), STATS., does not begin to run until the Department determines the employee's benefits upon retirement. Our holding that Dicks is not subject to the seven-year limitation in § 40.06(1)(e)1 disposes of the merits before us.