COURT OF APPEALS
DECISION
DATED AND FILED

December 22, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1753**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV61

IN COURT OF APPEALS
DISTRICT II

JOHN SCHULER,

PLAINTIFF-APPELLANT,

V.

SCHUBBE FAMILY CHIROPRACTIC, LTD.,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Winnebago County: SCOTT C. WOLDT, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Reilly, JJ.

¶1 REILLY, J. John Schuler's attorneys were charged $29.79 for "certification" and "retrieval fee[s]" on March 21, 2017, by Schubbe Family

Chiropractic, Ltd. (Schubbe) for requested healthcare records under WIS. STAT. § 146.83 (2019-20).[1] Schuler argues the charges violated WIS. STAT. § 146.84. The circuit court granted Schubbe's motion to dismiss Schuler's complaint. We affirm, as the charges were made after our release of *Moya v. Aurora Healthcare, Inc.*, 2016 WI App 5, 366 Wis. 2d 541, 874 N.W.2d 336 (*Moya I*), and prior to our supreme court's reversal of *Moya I* in *Moya v. Aurora Healthcare, Inc.*, 2017 WI 45, 375 Wis. 2d 38, 894 N.W.2d 405 (*Moya II*).

*Background*

¶2      Schuler retained an attorney after an accident and signed a HIPPA release "authorizing the release of medical information to his attorneys." Schubbe treated Schuler for injuries he sustained in the accident. On March 16, 2017, Schuler's attorneys requested certified copies of his medical records from Schubbe. Schubbe responded on March 21, 2017, with an invoice for $87.19 that included a $21.28 retrieval fee and $8.51 certification fee in addition to a charge per page. Schuler's attorneys paid the invoice without objection.

¶3      WISCONSIN STAT. § 146.83(3f)(b)4.-5. respectively authorize health care providers to charge a $20 retrieval fee and an $8 certification fee where "the requester is not the patient or a person authorized by the patient." *Moya I* held that personal injury attorneys were not exempt from certification charges and retrieval fees. *Moya I*, 366 Wis. 2d 541, ¶¶1, 11-12. *Moya I* was released on December 1, 2015, and ordered published on January 27, 2016. Our supreme court reversed *Moya I* on May 4, 2017, holding that an attorney authorized by his

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

or her client in writing via a HIPAA release form is a "person authorized by the patient" under § 146.83(3f)(b)4.-5. and is exempt from certification charges and retrieval fees. *Moya II*, 375 Wis. 2d 38, ¶2.

¶4    Schuler filed this lawsuit in January 2020, alleging a violation of WIS. STAT. § 146.83, common law unjust enrichment, conversion, and a violation of WIS. STAT. § 100.18. Schubbe responded with a motion to dismiss, arguing that at the time it charged the retrieval and certification fees, "Wisconsin law expressly and unambiguously permitted it to do so." Schuler replied that *Moya I* was "a non-final and non-binding Court of Appeals decision." The circuit court granted Schubbe's motion to dismiss on the ground that *Moya I* was binding law at the time of Schubbe's charge. Schuler appeals.

*Discussion*

¶5    The issue is whether Schuler has alleged facts that, if true, show a violation of WIS. STAT. § 146.83(3f)(b)4.-5., thereby entitling Schuler to damages under the provisions of WIS. STAT. § 146.84.[2] To do so, he must show that

---

[2] WISCONSIN STAT. § 146.84(1) provides, in pertinent part:

> ACTIONS FOR VIOLATIONS; DAMAGES; INJUNCTION. (a) A custodian of records incurs no liability under par. (bm) for the release of records in accordance with [WIS. STAT. §§] 146.82 or 146.83 while acting in good faith.
>
> (b) Any person, including the state or any political subdivision of the state, who violates [§§] 146.82 or 146.83 in a manner that is knowing and willful shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $25,000 and costs and reasonable actual attorney fees.

(continued)

Schubbe "negligently" or "knowing[ly] and willful[ly]" violated the law.  *See* § 146.84(1)(b)-(bm).  "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint."  ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (citation omitted).  To survive a motion to dismiss, a complaint "must allege facts that, if true, plausibly suggest a violation of applicable law."  ***Id.***, ¶21.  When we review a motion to dismiss we accept as true the factual allegations in the complaint but we do not accept "legal conclusions" contained therein, as stated legal conclusions are insufficient to withstand a motion to dismiss.  ***Id.***, ¶18.  The sufficiency of the complaint depends on the substantive law that underlies the claim, and the alleged facts related to that substantive law must "plausibly suggest [that the plaintiff is] entitled to relief."  ***Id.***, ¶31.  We review a circuit court's decision on a motion to dismiss for failure to state a claim de novo.  ***Id.***, ¶17.

¶6      When Schubbe charged Schuler the certification charges and retrieval fees, the law in effect (***Moya I***) was that Schuler's attorney was not exempt from the charges set forth in WIS. STAT. § 146.83(3f)(b)4.-5.  Pursuant to WIS. STAT. § 752.41(2), "[o]fficially published opinions of the court of appeals shall have statewide precedential effect."  Our common law is in accord with our

---

(bm) Any person, including the state or any political subdivision of the state, who negligently violates [§§] 146.82 or 146.83 shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $1,000 and costs and reasonable actual attorney fees.

(c) An individual may bring an action to enjoin any violation of [§§] 146.82 or 146.83 or to compel compliance with [§§]146.82 or 146.83 and may, in the same action, seek damages as provided in this subsection.

statutory law: "When the court of appeals construes a statute in a published opinion, that opinion binds every agency and every court until it is reversed or modified." *State ex rel. Dicks v. Employe Tr. Funds Bd.*, 202 Wis. 2d 703, 709, 551 N.W.2d 845 (Ct. App. 1996). As *Moya I* was binding law at the time Schubbe charged the certification charges and retrieval fees, the circuit court dismissed the complaint because, as a matter of law, Schuler could not establish that Schubbe negligently, much less willfully or knowingly, violated the statute at the time of the records charge.

¶7      Schuler argues that *Moya I*, once overruled by *Moya II*, "never was the law" under the "Blackstonian doctrine" that decisions are applied retroactively unless a court says otherwise. *See Heritage Farms, Inc. v. Markel Ins. Co.*, 2012 WI 26, ¶44, 339 Wis. 2d 125, 810 N.W.2d 465; *State v. Picotte*, 2003 WI 42, ¶42, 261 Wis. 2d 249, 661 N.W.2d 381 (Wisconsin "generally adheres to the 'Blackstonian doctrine,' which provides that 'a decision to overrule or repudiate an earlier decision is retrospective in operation.'" (citation omitted)).

¶8      The issue is not simply whether there was a violation or not, or whether Schubbe was negligent or not. Rather, the issue is whether Schuler can establish entitlement to damages because Schubbe *negligently, willfully*, or *knowingly* violated the statute. Schubbe argues that retroactivity (no precedential value of overruled decision) is irrelevant: retroactivity cannot change the *fact* that there could not have been a negligent or a knowing violation because there was no violation under binding law at that time. Schuler has not provided any authority for the retroactive imputation of a state of mind or objective reasonableness as it pertains to entitlement to damages for an alleged violation of the law, when there was no violation at the time. In fact, neither party identifies on-point caselaw.

¶9      Our research, however, supports our conclusion.  In ***State ex rel. Buswell v. Tomah Area School District***, 2007 WI 71, ¶46, 301 Wis. 2d 178, 732 N.W.2d 804, our supreme court announced a new reasonableness standard for open meetings notices.  The court engaged in a "sunbursting" analysis whereby it determined not to apply the new rule retroactively as to others.[3]  ***Id.***, ¶¶47-48.  However, the court did apply the new standard and found a violation in that case.  ***Id.***, ¶49.  Significantly, the court nevertheless stated that, because a knowing violation of the prior binding law was required, individuals "who complied with the law as it then existed cannot be sanctioned for a violation based on an interpretation first announced today."  ***Id.***, ¶52.  Here, whether ***Moya II*** applies retroactively or not is irrelevant as Schubbe could not have committed a negligent,

---

[3] Both parties also address the concept of "sunbursting," "an approved method of dealing with both changes within the common law as well as changes in the way that courts interpret statutes."  *See* ***State v. Thiel***, 2001 WI App 52, ¶7, 241 Wis. 2d 439, 625 N.W.2d 321.  Under this analysis, the announcement of a new judicial holding is ordinarily retroactive unless it "establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed," and retroactive application will either "further or retard" the policy announced and will "produce substantial inequitable results."  ***State ex rel. Buswell v. Tomah Area Sch. Dist.***, 2007 WI 71, ¶47, 301 Wis. 2d 178, 732 N.W.2d 804.  As explained herein, we do not rely on the concept of sunbursting, nor do we address Schuler's other arguments based on the concept, as our decision is not based on the precedential value of ***Moya I*** in light of ***Moya II***.  Rather, our decision is based on the grounds that Schuler has failed to provide any authority for a retroactive imputation of hypothetical facts regarding Schubbe's mens rea or the objective reasonableness of its charges based on the fact that there was no violation at the time the charges were made.

That said, while not directly applicable, ***State v. Beaver Dam Area Development Corp.***, 2008 WI 90, 312 Wis. 2d 84, 752 N.W.2d 295, also provides guidance.  In that case, our supreme court applied a "sunbursting" analysis to its decision involving open meetings and public records laws, which announced a new rule of law that was one of first impression and was not clearly foreshadowed.  ***Id.***, ¶¶92-98, 100-01.  Thus, significantly, unlike here and in ***Buswell***, the court's decision did not overrule prior binding case law applicable to and requiring a contemporaneous negligent or knowing violation.  Nevertheless, the court held that in considering reliance interests as to others who would now be in violation, as in ***Buswell***, imposing forfeitures for violations of the open meetings and public records laws occurring before the issuance of the new rule would be inequitable.  ***Id.***, ¶98.

6

willful, or knowing violation as its conduct was in accordance with the law at the time of its act.[4]  We affirm the circuit court's judgment for dismissal.[5]

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.

---

[4] Shuler acknowledges that Schubbe is charged with knowledge of the law, but argues that Schubbe should have anticipated or known that *Moya II* would be overruled, such as when the supreme court accepted the petition for review or based on information that others had, which suggested that the healthcare industry knew that the *Moya I* decision was flawed.  This ignores that *Moya I* was binding law until reversed or modified.

[5] As noted, Schuler claimed both statutory and common law causes of action in his complaint.  We agree with Schubbe, however, that "they are all derivative of, and completely reliant upon, a violation of WIS. STAT. § 146.84."  *See Smith v. RecordQuest, LLC*, 989 F.3d 513, 520 (7th Cir. 2021).